FILED

A CERTIFIED TRUE COPY

ATTEST

By April Layne on Apr 09, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2008 APR 29 AM 10: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. C. CALIF.

CORRECTED
NL
BY

MAY 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 09, 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

FILED:  APRIL  09,  2008
08CV2368          CEM
JUDGE COAR

**IN RE: AQUA DOTS PRODUCTS
LIABILITY LITIGATION**

Kim A. Cosgrove -v- Spin Master Ltd., et al.
CV07-7544 MMM (PLAx)

MDL No. 1940

TD

**TRANSFER ORDER**

**Before the entire Panel**[*]: Defendants Spin Master Ltd. and Spin Master, Inc., initially moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in either the Northern District of Illinois or Eastern District of Arkansas. All responding parties agreed that centralization is appropriate and variously supported selection of either of these two districts or the Central District of California as transferee forum. At oral argument, movants and plaintiffs informed the Panel that all responding parties now agree that the Northern District of Illinois is the most appropriate transferee district for this litigation.

This litigation presently consists of seven actions listed on Schedule A and pending in six districts as follows: two actions in the Central District of California and one action each in the Eastern District of Arkansas, the Southern District of Florida, the Northern District of Illinois, the Western District of Missouri, and the Northern District of Texas.[1]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the (1) design and manufacture of Aqua Dots, and/or (2) the adequacy of the November 2007 voluntary recall of this product. Centralization under

---

[*] Judge Scirica took no part in the disposition of this matter. Another Panel member who could be a member of a putative class in this litigation has renounced his participation in this class and has participated in this Panel decision.

[1] The Panel has been notified that two other related actions have recently been filed, one action each in the Northern District of Illinois and the Western District of Kentucky. These actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36

I hereby attest and certify on 5/1/08
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

A TRUE COPY-CERTIFIED
MICHAEL W. DOBBINS, CLERK

By s/ WILLIE A. HAYNES
DEPUTY CLERK
DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: APRIL 28, 2008

- 2 -

Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings–especially on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

We further find that the Northern District of Illinois is an appropriate transferee district for this litigation, because (1) the Illinois district is relatively conveniently located in relation to documents and witnesses located at Spin Master Ltd.'s Canadian headquarters, and (2) all parties now agree upon centralization in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable David H. Coar for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen              J. Frederick Motz
Robert L. Miller, Jr.         Kathryn H. Vratil
David R. Hansen               Anthony J. Scirica

**IN RE: AQUA DOTS PRODUCTS LIABILITY
LITIGATION**                                    MDL No. 1940

## SCHEDULE A

Eastern District of Arkansas  -  08cv2367

Donald C. Erbach, Jr., et al. v. Spin Master, Ltd., et al., C.A. No. 4:07-1112

Central District of California  -  08cv2368

Kim A. Cosgrove v. Spin Master, Ltd., et al., C.A. No. 2:07-7544
Sandra Irene Soderstedt v. Moose Enterprise Pty Ltd., et al., C.A. No. 2:07-7546

Southern District of Florida  -  08cv2369

Simon Bertanowski, et al. v. Moose Enterprise Pty Ltd., et al., C.A. No. 1:07-22941

Northern District of Illinois

Robyn Williams v. Spin Master, Ltd., C.A. No. 1:07-6387

Western District of Missouri  -  08cv2370

Michael J. Burgess v. Spin Master, Ltd., C.A. No. 3:07-5110

Northern District of Texas  -  08cv2371

Eric K. Botsch v. Spin Master, Inc., et al., C.A. No. 3:07-1948

(PLAx), CLOSED, DISCOVERY, MANADR, STAYED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-07544-MMM-PLA
### Internal Use Only

Kim A Cosgrove v. Spin Master et al
Assigned to: Judge Margaret M. Morrow
Referred to: Magistrate Judge Paul L. Abrams
Related Case: 2:07-cv-07546-MMM-PLA
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/16/2007
Date Terminated: 02/15/2008
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Kim A Cosgrove**
*on behalf herself and all those similarly
situated*

represented by **Donald R Hall**
Kaplan Fox and Kilsheimer
850 Third Avenue 14th Floor
New York, NY 10022
212-687-1980
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth A Fegan**
Hagens Berman Sobol Shapiro
820 North Blvd Suite B
Oak Park, IL 60301
708-776-5600
Email: beth@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederic S Fox**
Kaplan Fox & Kilsheimer
850 Third Avenue 14th Fl
New York, NY 10022
212-687-1980
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laurence D King**
Kaplan Fox & Kilsheimer
350 Sansome Street Suite 400
San Francisco, CA 94104
415-772-4700
Email: lking@kaplanfox.com
*LEAD ATTORNEY*



I hereby attest and certify on 5/1/08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
by _____ Deputy



*ATTORNEY TO BE NOTICED*

**Linda M Fong**
Kaplan Fox & Kilsheimer
350 Sansome Street Suite 400
San Francisco, CA 94104
415-772-4700
Email: lfong@kaplanfox.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori S Brody**
Kaplan Fox and Kilsheimer
1801 Century Park East Suite 1460
Los Angeles, CA 90067
310-785-0800
Email: lbrody@kaplanfox.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Spin Master**                    represented by    **Ina D Chang**
*LTD*                                                Shook Hardy and Bacon
                                                     333 Bush Street
                                                     Suite 600
                                                     San Francisco, CA 94104-2828
                                                     415-544-1900
                                                     Email: ichang@shb.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Tammy B Webb**
                                                     Shook Hardy and Bacon
                                                     333 Bush Street
                                                     Suite 600
                                                     San Francisco, CA 94104-2828
                                                     415-544-1900
                                                     Email: tbwebb@shb.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Spin Master**                    represented by    **Ina D Chang**
*Inc.*                                               (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Tammy B Webb**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Moose Enterprises**                    represented by  **Dana M Gilreath**
Clinton & Clinton
100 Oceangate 14th FL
Long Beach, CA 90802
(562) 216-5000
Email: dgilreath@clinton-clinton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/16/2007 | ◉1 | COMPLAINT against Defendants Spin Master(Inc.), Moose Enterprises, Spin Master(LTD).(Filing fee $ 350 PAID.) Jury Demanded., filed by plaintiff Kim A Cosgrove.(ghap) (Entered: 11/26/2007) |
| 11/16/2007 | ◉ | 20 DAY Summons Issued re Complaint - (Discovery)[1] as to Defendants Spin Master(Inc.), Moose Enterprises, Spin Master(LTD). (ghap) (Entered: 11/26/2007) |
| 11/16/2007 | ◉2 | CERTIFICATE of Interested Parties filed by Plaintiff Kim A Cosgrove. (ghap) (Entered: 11/26/2007) |
| 11/16/2007 | ◉3 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed.(ghap) (Entered: 11/26/2007) |
| 11/16/2007 | ◉ | FAX number for Attorney Lori S Brody is 310-785-0897. (ghap) (Entered: 11/26/2007) |
| 11/16/2007 | ◉ | FAX number for Attorneys Linda M Fong, Laurence D King is 415-772-4707. (ghap) (Entered: 11/26/2007) |
| 11/16/2007 | ◉ | FAX number for Attorneys Frederic S Fox, Donald R Hall is 212-687-7714. (ghap) (Entered: 11/26/2007) |
| 11/16/2007 | ◉ | FAX number for Attorney Elizabeth A Fegan is 708-776-5601. (ghap) (Entered: 11/26/2007) |
| 01/07/2008 | ◉4 | FIRST STIPULATION Extending Time to Answer the complaint as to Spin Master(Inc.) answer now due 2/6/2008; Spin Master(LTD) answer now due 2/6/2008, filed by Defendants Spin Master(Inc.); Spin Master (LTD).(Chang, Ina) (Entered: 01/07/2008) |
| 01/07/2008 | ◉5 | FIRST STIPULATION Extending Time to Answer the complaint as to filed by Defendant Spin Master(Inc.).(Chang, Ina) (Entered: 01/07/2008) |
| 01/10/2008 | ◉6 | PROOF OF SERVICE Executed Kim A Cosgrove, upon Spin Master (Inc.) served on 12/18/2007, answer due 2/6/2008. (Fong, Linda) (Entered: 01/10/2008) |

| 01/23/2008 | ●7 | NOTICE of Motion Before the Judicial Panel on Multidistrict Litigation filed by Defendant Spin Master(Inc.), Spin Master(LTD). (Webb, Tammy) (Entered: 01/23/2008) |
|---|---|---|
| 01/24/2008 | ●8 | PROOF OF SERVICE Executed by plaintiff Kim A Cosgrove, upon Moose Enterprises served on 1/11/2008, answer due 1/31/2008. Original Summons not returned. (Fong, Linda) (Entered: 01/24/2008) |
| 01/30/2008 | ●9 | WAIVER OF SERVICE Returned Executed Kim A Cosgrove. upon Spin Master(LTD) waiver sent by Plaintiff on 1/22/2008, answer due 3/22/2008. Waiver of Service signed by Tammy Webb. (Fong, Linda) (Entered: 01/30/2008) |
| 01/30/2008 | ●10 | EX PARTE APPLICATION for Extend Time to File Answer to 3/27/2008 filed by defendant Spin Master(Inc.), Spin Master(LTD). (Attachments: # 1 Declaration of Randall D. Haimovici in Support of Defendant Spin Master, Inc's Ex Parte Application to Extend the Time to Respond to Plaintiff Kim Cosgrove's Complaint and to Waive the 20 Day Meet and Confer Requirement Under Local Rule 7-3)(Webb, Tammy) (Entered: 01/30/2008) |
| 01/30/2008 | ●11 | PROOF OF SERVICE filed by defendant Spin Master(Inc.), Spin Master (LTD), re EX PARTE APPLICATION for Extend Time to File Answer to 3/27/2008 10 served on 01/30/2008. (Webb, Tammy) Modified on 1/30/2008 (ah, ). (Entered: 01/30/2008) |
| 01/31/2008 | ●12 | OPPOSITION *to Defendant Spin Master Inc.'s ex parte Application to Extend the Time to Respond to Complaint and to Waive the 20 Day Meet and Confer Requirement Under Local Rule 7-3 for Filing a Motion to Stay* filed by Plaintiff Kim A Cosgrove. (Attachments: # 1 Declaration of Laurence King in Support of Plaintiff's Opposition)(King, Laurence) (Entered: 01/31/2008) |
| 01/31/2008 | ●13 | PROOF OF SERVICE filed by Plaintiff Kim A Cosgrove, re Response in Opposition to Motion, 12 served on January 31, 2008. (King, Laurence) (Entered: 01/31/2008) |
| 01/31/2008 | ●14 | CORRECTED PROOF OF SERVICE filed by Plaintiff Kim A Cosgrove, re Response in Opposition to Motion, 12 served on January 31, 2008. (King, Laurence) (Entered: 01/31/2008) |
| 01/31/2008 | ● | (Court only) ***MOTION RULING: by Judge Margaret M. Morrow : granting 10 Ex Parte Application for Extension of Time to Answer. (ah) (Entered: 02/01/2008) |
| 02/01/2008 | ●15 | FIRST STIPULATION Extending Time to Answer the complaint as to Moose Enterprises answer now due 3/3/2008, filed by defendant Moose Enterprises.(Gilreath, Dana) (Entered: 02/01/2008) |
| 02/01/2008 | ●16 | ORDER GRANTING EX PARTE APPLICATION 10 by Judge Margaret M. Morrow. The court grants defendants request to waive the 20-day requirement set forth in Local Rule 7-3. The court also grants defendants request for a further extension of their time to respond to the |

| | | |
|---|---|---|
| | | complaint. Defendants may have until April 1, 2008 to answer or otherwise respond to the complaint. (ah) Additional attachment(s) added on 2/1/2008 (ah, ). (Entered: 02/01/2008) |
| 02/01/2008 | ● | (Court only) Update Answer Due Deadline as to Moose Enterprises answer due 4/1/2008; Spin Master(LTD) answer due 4/1/2008. (ah) (Entered: 02/01/2008) |
| 02/01/2008 | ●17 | NOTICE OF MOTION AND MOTION to Stay Case pending Transfer Decision by the Judicial Panel on Multidistrict Litigation *by Moving Defendants Spint Master, Ltd. and Spin Master, Inc.* filed by Defendants Spin Master(LTD).Motion set for hearing on 2/25/2008 at 10:00 AM before Judge Margaret M. Morrow. (Attachments: # 1 Motion to Stay) (Chang, Ina) (Entered: 02/01/2008) |
| 02/01/2008 | ●18 | ORDER STRIKING MOTION TO STAY 17 by Judge Margaret M. Morrow : Motion hearing date is not available before Judge Morrow. (ah) (Entered: 02/01/2008) |
| 02/01/2008 | ●19 | NOTICE OF LODGING filed (Attachments: # 1 Exhibit A - [Proposed] Order Granting Defendants' Motion to Stay All Proceedings)(Chang, Ina) (Entered: 02/01/2008) |
| 02/01/2008 | ●20 | NOTICE OF MOTION AND MOTION to Stay Case pending Transfer Decision By The Judicial Panel on Multidistrict Litigation *by Defendants Spin Master, Ltd. and Spin Master, Inc.* filed by Defendants Spin Master (LTD).Motion set for hearing on 3/24/2008 at 10:00 AM before Judge Margaret M. Morrow. (Attachments: # 1 Motion to Stay All Proceedings# 2 Proposed Order)(Chang, Ina) (Entered: 02/01/2008) |
| 02/01/2008 | ● | (Court only) ***MOTION RULING: by Judge Margaret M. Morrow : striking 17 Motion to Stay Case (ah) (Entered: 02/10/2008) |
| 02/04/2008 | ●21 | IN CHAMBERS ORDER ADANCING BRIEFING SCHEDULE by Judge Margaret M. Morrow : The briefing schedule on the motion to stay is advanced as follows: Opposition due by 2/17/08. Reply due by 2/24/08. (ah) (Entered: 02/04/2008) |
| 02/04/2008 | ●22 | ORDER ADVANCING BRIEFING SCHEDULE by Judge Margaret M. Morrow re MOTION to Stay Case pending Transfer Decision By The Judicial Panel on Multidistrict Litigation by Defendants Spin Master, Ltd. and Spin Master, Inc 20. The court hereby advances the briefing schedule on defendants motion. Any opposition by plaintiff must be filed no later than February 15, 2008. Any reply by defendants must be filed no later than February 22, 2008. The court requests that the parties deliver a conformed courtesy copy tochambers in the Roybal Building on the day of filing. (rrey) (Entered: 02/05/2008) |
| 02/08/2008 | ●23 | Joint STIPULATION for Extension of Time to File Response to Complaint and Time to File Motion For Class Certification filed by Plaintiff Kim A Cosgrove. (Attachments: # 1 Proposed Order)(King, Laurence) (Entered: 02/08/2008) |
| | | |

| 02/08/2008 | 🔵24 | PROOF OF SERVICE filed by Plaintiff Kim A Cosgrove, *Re Joint Stipulation Extending Time to Respond to Complaint and Time to File Motion For Class Certification; [Proposed] Order* served on 2/8/08. (King, Laurence) (Entered: 02/08/2008) |
| --- | --- | --- |
| 02/08/2008 | 🔵25 | Joint STIPULATION for Extension of Time to File Response to Complaint and Time to File Motion For Class Certification filed by Plaintiff Kim A Cosgrove. (Attachments: # 1 Proposed Order)(Fong, Linda) (Entered: 02/08/2008) |
| 02/08/2008 | 🔵26 | PROOF OF SERVICE filed by Plaintiff Kim A Cosgrove, *Re Joint Stipulation Extending Time to Respond to Complaint and Time to File Motion For Class Certification; [Proposed] Order* served on 2/8/08. (Fong, Linda) (Entered: 02/08/2008) |
| 02/08/2008 | 🔵27 | ORDER STRIKING JOINT SIPULATION AND POS 23 24 by Judge Margaret M. Morrow : Duplicate filings. See 25 and 26. (ah) (Entered: 02/10/2008) |
| 02/12/2008 | 🔵28 | MINUTES OF IN CHAMBERS ORDER held before Judge Margaret M. Morrow : re: Striking Electronically Filed Documents (G-106)27. Due to clerical error, the court issued an order striking the joint stipulation 23 and proof ofservice 24 as duplicate filings. After further review, the Court concludes that those documents should have not been stricken. The Court hereby strikes its previous order striking the two documents. Related to Order 27. (rrey) (Entered: 02/12/2008) |
| 02/14/2008 | 🔵29 | RESPONSE IN SUPPORT of MOTION to Stay Case pending Transfer Decision by the Judicial Panel on Multidistrict Litigation *by Moving Defendants Spint Master, Ltd. and Spin Master, Inc.*17 filed by Defendant Moose Enterprises. (Gilreath, Dana) (Entered: 02/14/2008) |
| 02/15/2008 | 🔵30 | ORDER STAYING CASE by Judge Margaret M. Morrow. Defendants Spin Master, Inc.s and Spin Master, Ltd.stime to respond, move, or otherwise plead is extended until 45days after the JPML grants, denies, or otherwise disposes of thetwo pending motions to transfer. If a consolidated complaint isfiled by all plaintiffs in a single transferee court, Spin Master,Inc.s and Spin Master, Ltd.s time to answer, move, or otherwiseplead is extended until 45 days after service of the consolidated complaint. (ah) (Entered: 02/19/2008) |
| 02/15/2008 | 🔵31 | ORDER STAYING CASE by Judge Margaret M. Morrow. Defendant Moose Enterprises Pty Ltd.s time to respond,move, or otherwise plead is extended until 45 days after the JPMLgrants, denies, or otherwise disposes of the two pending motionsto transfer. If a consolidated complaint is filed by allplaintiffs in a single transferee court, Moose Enterprises PtyLtd.s time to answer, move, or otherwise plead is extended until45 days after service of the consolidated complaint. (ah) (Entered: 02/19/2008) |
| 02/19/2008 | 🔵32 | REQUEST to Withdraw MOTION to Stay Case pending Transfer Decision By The Judicial Panel on Multidistrict Litigation *by Defendants Spin Master, Ltd. and Spin Master, Inc.*20 filed by Defendants Spin |

| | | |
|---|---|---|
| | | Master(Inc.). (Chang, Ina) (Entered: 02/19/2008) |
| 02/19/2008 | 33 | ORDER GRANTING REQUEST TO WITHDRAW MOTION TO STAY by Judge Margaret M. Morrow. (ah) (Entered: 02/20/2008) |
| 02/19/2008 | | (Court only) ***MOTION RULING: by Judge Margaret M. Morrow : Withdrawing 32 Request to Withdraw. (ah) (Entered: 02/20/2008) |
| 03/12/2008 | 34 | STIPULATION AND ORDER EXTENDING TIME TO RESPOND TO COMPLAINT AND TIME TO FILE MOTION FOR CLASS CERTIFICATION by Judge Margaret M. Morrow : Response and motion for class certification due 45 days after the JPML grants, denies, or otherwise disposes of the two pending motions to transfer. See Order (ah) (Entered: 03/12/2008) |
| 04/11/2008 | 35 | NOTICE of Issuance of Transfer Order by Judicial Panel on Multidistrict Litigation filed by Defendant Spin Master(LTD). *and Spin Master, Inc.* (Attachments: # 1 Exhibit A - Transfer Order)(Chang, Ina) (Entered: 04/11/2008) |
| 04/29/2008 | 36 | TRANSFER ORDER: IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.1407, the actions listed on schedule A and pending outside the Northern District Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable David H. Coar for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A. (bp) (Entered: 05/01/2008) |
| 05/01/2008 | 37 | TRANSMITTAL of documents: Emailed complaint, certified copies of docket sheet and transfer order to the USDC Northern District of Illinois. (bp) (Entered: 05/01/2008) |



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

May 1, 2008

Name & Address
Everett McKinley Dirksen
United States Courthouse
20th Floor
219 South Dearborn Street
Chicago, IL 606004

Re:  MDL 1940        In Re:  Aqua Dots Products Liability Litigation

Transfer of our Civil Case No.  CV07-7544-MMM(PLAx)    O8C 2368

Case Title:  Kim A. Cosgrove-v- Spin Master, Ltd., et al,

Dear Sir/Madam:

An order having been made by the Judicial Panel on Multi-district Litigation transferring/ remanding the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with a copy of the order and a certified copy of the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Very truly yours,

Clerk, U.S. District Court

By  Brent Pacillas
Deputy Clerk

cc:  *All counsel of record*
*Clerk, MDL Panel*

---

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and, if not already assigned,  we have assigned this matter the following case number: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

CV-117 (5/00)        TRANSMITTAL LETTER - MDL CASE TRANSFER OUT



```
 1   Lori S. Brody (SBN 150545)
     lbrody@kaplanfox.com
 2   KAPLAN FOX & KILSHEIMER LLP
     1801 Century Park East
 3   Suite 1460
     Los Angeles, CA 90067
 4   Telephone:   310-785-0800
     Facsimile:   310-785-0897
 5
     Laurence D. King (SBN 206423)
 6   lking@kaplanfox.com
     Linda M. Fong (SBN 124232)
 7   lfong@kaplanfox.com
     KAPLAN FOX & KILSHEIMER LLP
 8   350 Sansome Street, Suite 400
     San Francisco, CA 94104
 9   Telephone:   415-772-4700
     Facsimile:   415-772-4707
10
     Frederic S. Fox
11   ffox@kaplanfox.com                    Elizabeth A. Fegan
     Donald R. Hall                        beth@hbsslaw.com
12   dhall@kaplanfox.com                   HAGENS BERMAN SOBOL SHAPIRO LLP
     KAPLAN FOX & KILSHEIMER LLP           820 North Blvd, Suite B
13   850 Third Avenue, 14th Floor          Oak Park, IL 60301
     New York, NY 10022                    Telephone: 708-776-5600
14   Telephone:   212-687-1980             Facsimile: 708-776-5601
     Facsimile:   212-687-7714
15
     Additional attorneys on
16   signature page
```

2007 NOV 16 PM 4:04

KB

FAXED

                    UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA

```
17

18

19   KIM A. COSGROVE, on behalf    )
     herself and all those similarly )   Case No. _____
20   situated,                      )
                                    )
21                                  )
                      Plaintiff,    )   CLASS ACTION COMPLAINT AND
22                                  )   DEMAND FOR JURY TRIAL
              v.                    )
23                                  )
     SPIN MASTER, LTD., SPIN MASTER,)
24   INC. and MOOSE ENTERPRISES,    )
                                    )
25                   Defendants.    )
                                    )
26                                  )
                                    )
27                                  )
                                    )
28                                  )
```

CV07-07544 MMM PLA

DOCKETED ON CM

NOV 26 2007

BY _____ 032

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1      Plaintiff Kim A. Cosgrove, by her attorneys, alleges upon

2   personal knowledge as to herself and upon information and belief

3   as to the other allegations of this Complaint, as follows:

4                       SUMMARY OF THE ACTION

5      1.   This is a nationwide class action brought by plaintiff

6   on behalf of herself and her minor child, and all other

7   individuals similarly situated in the United States who,

8   purchased, paid for or received as a gift, various young

9   children's Aqua Dots craft kits.  Aqua Dots are arts and craft

10  beads covered with 1,4 butanediol, an industrial solvent that,

11  when ingested, metabolizes into gamma hydroxy butyrate ("GHB"),

12  commonly known as the "date rape" drug. Children who swallow the

13  beads can become comatose, develop respiratory depression, have

14  seizures or even die. These toxic toys were aimed at children as

15  young as four years of age.

16     2.   The Aqua Dots were researched, designed, developed,

17  manufactured, produced, marketed, distributed and/or sold by

18  defendants Spin Master Ltd., Spin Master, Inc. and Moose

19  Enterprises (hereafter referred to as "defendants").

20     3.   The U.S. Consumer Product Safety Commission (the

21  "Commission") is charged with protecting the public from

22  unreasonable risks of serious injury or death from more than

23  15,000 types of consumer products under its jurisdiction. On

24  November 7, 2007, after reports that children who ingested the

25  Aqua Dots beads became dangerously ill, Spin Master, Ltd., in

26  cooperation with the Commission, recalled all Aqua Dots products

27  (the "Recall"). Acknowledging the unreasonable risks to children,

28  defendants instructed parents and consumers to take the toxic toys

                              1
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  away from children immediately.

2      4.   As part of the recall notice, the Commission reported

3  two known incidences involving children who became seriously ill

4  and fell into comas after swallowing Aqua Dots.  One of those

5  children, a 20-month-old boy, swallowed several dozen beads and

6  became dizzy and vomited several times before slipping into a

7  comatose state. Since then, he reportedly has fully recovered. The

8  other child, a 4-year-old, vomited and slipped into a comatose

9  state and was hospitalized for five days before apparently

10 recovering fully.

11     5.   Defendants marketed and advertised the recalled Aqua

12 Dots throughout the United States and in the state of California

13 as being safe for children.  The recalled Aqua Dots were sold in

14 toy stores, department stores, specialty shops and on internet

15 sites throughout the nation and the state of California.

16     6.   Pursuant to the Federal Hazardous Substances Act

17 ("FHSA"), 15 U.S.C. §1261 et seq., any toy intended for use by

18 children which contains a hazardous substance in such manner as to

19 be susceptible of access by children are banned under 15 U.S.C.

20 §1261(q). A product which is toxic is defined by the FHSA as a

21 hazardous substance. 15 U.S. C. § 1271(f)(1)

22     7.   Defendants knew, or should have known, that the recalled

23 Aqua Dots were defective and presented a serious risk to the

24 health and safety of children.  On its Questions & Answers web

25 page, Spin Master represents that it voluntarily subjects all its

26 toys to extensive third party certified product testing.  It

27 states that this testing ensures that the toys comply with the

28 highest international safety and quality standards.   In public

2

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   releases regarding the Recall and posted on its website, Spin

2   Master states:

> Spin Master's decision to pursue this recall
> is grounded in our ongoing commitment to
> children's safety.

> ***

> Spin Master has always been a trusted company
> and distributor of children's products and we
> have made safety of children our foremost
> priority.

8.    Notwithstanding their reassurances that their children's toys were of the highest safety and quality, defendants failed to adequately design, screen and test the Aqua Dots toys, ignoring the serious health threats that the recalled Aqua Dots presented to children.

9.    Although defendants' recall of the Aqua Dots "is grounded in their ongoing commitment to children's safety," and the recalled products are extremely dangerous to children, defendants have not offered to reimburse plaintiff and members of the class for the costs of the recalled Aqua Dots products, which range in price from $17 to as much as $30.  Defendants also have not offered to pay for any health-related problems associated with the ingestion of the Aqua Dots. Instead, defendants only offer to replace the toxic beads with other beads or another toy. Defendants' offer fails to compensate plaintiff and the class for their damages or make them whole.

10.   Plaintiff and members of the class purchased and/or received as gifts the recalled Aqua Dots.  Plaintiff and members

3

1 of the class gave these toys to their young children to play with,

2 reasonably believing that they were safe.  If plaintiff and

3 members of the class had known the true nature of the recalled

4 Aqua Dots they would not have purchased them and/or accepted them

5 as gifts, nor allowed their children to play with the dangerous

6 recalled Aqua Dots.

7    11.  Defendants recalled all Aqua Dots, available in various

8 different products.  Upon information and belief, the recalled

9 products include:  Aqua Dots Super Studio, Aqua Dots Starter, Aqua

10 Dots Refill, Aqua Dots Crystal Beads, Aqua Dots Glow in the Dark

11 Beads, Aqua Dots Pony, Aqua Dots Fairy, Aqua Dots Mermaid, Aqua

12 Dots Dinosaur, Aqua Dots Pets, Aqua Dots Rescue, Aqua Dots Tray

13 and Spray, Aqua Dots Blue Horizontal, Aqua Dots Red Diagonal, Aqua

14 Dots Build up Pak/Activity Pack, Aqua Dots Portable Pack, Aqua

15 Dots Portable Pet Pack, Aqua Dots TV Offer, Aqua Dots Starter Pen

16 Pack, Aqua Dots Refill Pack, Aqua Dots Super Studio Double the

17 Dots and Aqua Dots Storage Unit with 600 Beads.

18    12.  On November 7, 2007, the Commission estimated

19 approximately 4.2 million units are the subject of the recall.

20    13.  The recalled Aqua Dots were manufactured in Shenzhen,

21 China, where they were purposefully manufactured with a coating

22 containing a toxic chemical which can cause significant health

23 risks to children if ingested, or even death.

24    14.  This action seeks monetary damages, including but not

25 limited to, a full refund of all costs associated with the

26 purchase of the recalled Aqua Dots.  Plaintiff also seeks

27 emergency notice to the Class so that Class members will be

28 apprised of the potentially life-threatening dangers which have

4

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   been associated with the recalled Aqua Dots.

2

3                        JURISDICTION AND VENUE

4       15.  The Court has subject matter jurisdiction pursuant to 28

5   U.S.C. § 1332(d) because this action is between citizens of

6   different states, a class action has been pled, and the matter in

7   controversy exceeds the sum or value of $5,000,000 exclusive of

8   interest and costs.

9       16.  Venue is proper in this District under 28 U.S.C. §§

10  1391(a), (b), and (c), 28 U.S.C. § 1407 and 15 U.S.C 22.

11  Defendants do substantial business in the State of California and

12  within this Federal Judicial District, advertise in this District,

13  received substantial compensation and profits from the sales of

14  the recalled Aqua Dots in this District, and have made material

15  omissions and misrepresentations and breaches of warranties in

16  this District so as to subject it to in personam jurisdiction in

17  this District.

18                            PARTIES

19      17.  Plaintiff Kim A. Cosgrove is a resident of Massapequa,

20  New York.  Plaintiff's child received as a gift the Aqua Dots

21  Starter set and "Glow in the Dark" refill beads.  She also

22  purchased from Target additional refill beads including the

23  "Dinosaur" and "Rescue" accessories.

24      18.  Defendant Spin Master™ Ltd., a self-described multi-

25  category children's entertainment company, has been designing,

26  developing, manufacturing and marketing consumer products for

27  children around the world since 1994.  Spin Master™ Ltd. says it

28  is ranked among the top 10 North American toy manufacturers and is

                                    5
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   a dominant leader in the children's entertainment industry.

2   Spin Master Ltd. maintains its global headquarters in Toronto,

3   Canada, and also has offices in Los Angeles, New York and

4   elsewhere throughout the world.

5       19.  Defendant Spin Master, Inc. a Delaware corporation, is

6   headquartered at 11858 La Grande Avenue, West Los Angeles,

7   California.  Spin Master Inc. distributes Aqua Dots toys

8   throughout the United States and Canada.

9       20.  Defendant Moose Enterprises, a self-described "pro-

10  active, fast-moving, dynamic organization" and "a major player on

11  the global front," is headquartered in Melbourne, Australia, with

12  offices in New York and Hong Kong.

13                    CLASS ACTION ALLEGATIONS

14      21.  Plaintiff brings this action as a nationwide class

15  action for monetary damages, equitable, injunctive and declaratory

16  relief pursuant to Federal Rule of Civil Procedure 23(b)(1),

17  23(b)(2) and 23(b)(3) on behalf of a Class consisting of all

18  persons who purchased and/or paid for and/or received as a gift

19  various recalled Aqua Dots.  Excluded from the Class are

20  defendants, and any person, firm, trust, corporation, or other

21  entity related to or affiliated with defendants, including,

22  without limitation, persons who are employees, offices or

23  directors of defendants.

24      22.  Plaintiff is a member of the Class she seeks to

25  represent.  The members of the Class are so numerous that joinder

26  of all members is impracticable.

27      23.  The issues in the action are common to all members of

28  the Class.  Each purchased and/or received as a gift one or more

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   recalled Aqua Dots and has been affected in the same manner by

2   defendants' practice of researching, designing, developing,

3   manufacturing, producing, marketing, distributing and/or selling

4   products for children which contain a toxic coating.

5        24.   There are questions of law and fact common to the Class

6   including, but not limited to:

7             a.   Whether defendants are strictly liable for the

8   design, manufacture and/or marketing of dangerously defective

9   products;

10            b.   Whether defendants negligently designed,

11  manufactured, labeled and/or marketed the relevant products;

12            c.   Whether children who have sucked on, swallowed

13  and/or otherwise been exposed to the recalled Aqua Dots containing

14  a toxic chemical suffered adverse health effects, reactions or

15  diseases caused by exposure to and/or handling of those products;

16            d.   Whether the Class members' children's increased

17  risk of sustaining adverse health effects or other injury makes

18  periodic diagnostic and medical examinations (medical monitoring)

19  effective and reasonably necessary;

20            e.   Whether defendants conducted, either directly or

21  indirectly, appropriate research and testing of the relevant

22  products to determine whether the toxic chemical was contained in

23  the recalled Aqua Dots;

24            f.   Whether defendants breached express and/or implied

25  warranties covering the recalled Aqua Dots;

26            g.   Whether defendants were unjustly enriched at the

27  expense of plaintiff and the Class;

28            h.   Whether the equitable, injunctive and declaratory

7

1   relief requested herein should be granted;

2           i.   Whether defendants' acts, practices,

3   misrepresentations and omissions  described herein, and

4   defendants' dissemination of deceptive and misleading advertising

5   and marketing materials in connection therewith, constituted

6   unfair, unlawful and/or fraudulent business acts and practices

7   within the meaning of California Business and Professions Code

8   sections 17200 *et seq.* and 17500 *et seq.* and similar consumer

9   fraud laws of other states; and

10          j.   Whether the Class has been injured by virtue of

11  defendants' violations of California Business & Professions Code

12  sections 17200, *et seq.* and 17500 *et seq.*

13      25.  The claims of the named plaintiff are typical of the

14  claims of the Class in that the named plaintiff and the members of

15  the Class purchased and/or paid for and/or received as a gift one

16  or more of the relevant products which were researched, designed,

17  developed, manufactured, produced, marketed, distributed, sold

18  and/or placed in the stream of interstate commerce by defendants,

19  and as a result their children now suffer an increased risk of

20  harm for which medical monitoring relief is appropriate.

21      26.  Plaintiff will fairly and adequately represent and

22  protect the interests of the members of the Class they seek to

23  represent.  Plaintiff has retained counsel competent and

24  experienced in complex class actions and products liability

25  litigation.  Plaintiff's interests are coincident with, and not

26  antagonistic to, those of the Class members.

27      27.  Notice can be provided to Class members by a combination

28  of published notice and first class mail using techniques and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  forms of notice similar to those customarily used in product

2  liability, personal injury and fraud class actions.

3      28.  Plaintiff seeks monetary damages (and restitution under

4  California's Unfair Competition Law), including but not limited to

5  the cost of purchasing the relevant products.

6      29.  Plaintiff also seeks emergency notice to more adequately

7  advise Class members and their children of adverse reactions and

8  health risks posed by exposure to the relevant products.

9      30.  Class certification is appropriate under Fed. R. Civ. P.

10  Rule 23(b)(1) because, inter alia, the prosecution of separate

11  actions by individual members of the Class would create a risk of

12  incompatible standards of conduct for defendants and inconsistent

13  or varying adjudications for all parties.

14      31.  Class certification is also appropriate pursuant to Fed.

15  R. Civ. P. Rule 23(b)(2) because defendants have acted, or refused

16  to act, on grounds generally applicable to the Class, making

17  appropriate preliminary and final injunctive and declaratory

18  relief consisting of medical monitoring and emergency notice with

19  respect to plaintiff and the Class members.

20                    **FIRST CLAIM FOR RELIEF**

21                   **STRICT PRODUCTS LIABILITY**

22      32.  Plaintiff incorporates by reference all other paragraphs

23  of this complaint as if fully set forth here and further alleges

24  as follows:

25      33.  At all relevant times, defendants were producers,

26  manufacturers and/or distributors of the recalled Aqua Dots.

27      34.  The recalled Aqua Dots produced, manufactured and/or

28  distributed by defendants were defective in design or formulation

                              9

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   in that, when the recalled Aqua Dots left the hands of the

2   defendants, the foreseeable risks exceeded the benefits associated

3   with the design or formulation.

4        35.  Defendants' products were expected to and did reach

5   plaintiff and members of the Class without substantial change in

6   condition.

7        36.  Alternatively, the recalled Aqua Dots manufactured

8   and/or supplied by defendants were defective in design or

9   formulation, in that, when they left the hands of the defendants,

10  they were unreasonably dangerous and more dangerous than an

11  ordinary consumer would expect.

12       37.  The recalled Aqua Dots produced, manufactured and/or

13  distributed by defendants were defective due to inadequate warning

14  and/or inadequate testing and study, and inadequate reporting

15  regarding the results of same.

16       38.  The recalled Aqua Dots produced, manufactured and/or

17  distributed by Defendants were defective due to inadequate post-

18  marketing warning or instruction, because, after defendants knew

19  or should have known of the risk of injury from the recalled Aqua

20  Dots, defendants failed to immediately provide adequate warnings

21  to plaintiff and the public.

22                    **SECOND CLAIM FOR RELIEF**

23                           **NEGLIGENCE**

24       39.  Plaintiff incorporates by reference all other paragraphs

25  of this complaint as if fully set forth here and further alleges

26  as follows:

27       40.  Defendants had a duty to exercise reasonable care in the

28  design, manufacture, marketing, sale and/or distribution of the

                                10
─────────────────────────────────────────────

1  recalled Aqua Dots into the stream of commerce, including a duty
2  to assure that (1) the toys containing a toxic chemical did not
3  expose children to adverse health effects including without
4  limitation comas, respiratory depression, seizures and even death.

5      41.  Defendants failed to exercise ordinary care in the
6  design, manufacture, marketing, sale, testing, quality assurance,
7  quality control, and/or distribution of the recalled Aqua Dots
8  into interstate commerce in that defendants knew or should have
9  known that the recalled Aqua Dots created a high risk of adverse
10  health effects which can cause extraordinary suffering and even
11  death.  Defendants' failure to exercise reasonable care in the
12  design, manufacture, marketing, sale and/or distribution of the
13  recalled Aqua Dots was malicious, fraudulent and/or oppressive.

14      42.  Specifically, Defendants were grossly negligent in the
15  design, manufacture, testing, advertising, warning, marketing
16  and/or sale of the recalled Aqua Dots in that they:

17          a)  Failed to use due care in designing and
18  manufacturing the relevant products so as to avoid the
19  aforementioned risks to children;

20          b)  Failed to accompany their products with proper
21  warnings regarding all possible adverse effects associated with
22  young children's handling and mouthing of, and otherwise being
23  exposed to, the relevant products;

24          c)  Failed to conduct adequate testing and post-
25  marketing surveillance to determine the safety of the relevant
26  products;

27          d)  Failed to warn plaintiff and members of the Class
28  prior to actively encouraging the sale of the recalled Aqua Dots

11

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  either directly or indirectly, orally or in writing, about the

2  following:  (1) the possibility that children handling or

3  otherwise exposed to the recalled Aqua Dots could suffer adverse

4  health effects as described herein, and/or (2) the possibility of

5  affected children requiring hospitalization and/or continuous

6  medial monitoring as a result of exposure to the recalled Aqua

7  Dots; and

8           e)    Were otherwise malicious, fraudulent and

9  oppressive.

10      43.  Despite the fact that defendants knew or should have

11  known that the recalled Aqua Dots could cause unreasonable,

12  adverse health effects to children, defendants continued to market

13  the relevant products to consumers including plaintiff despite the

14  possibility that these products could be produced without a

15  coating containing a toxic chemical.

16      44.  Defendants knew or should have known that consumers such

17  as plaintiff and the Class would foreseeably suffer adverse health

18  effects and injury as a result of defendants' failure to exercise

19  ordinary care as described above.

20      45.  Defendants' negligence was a proximate cause of

21  plaintiff's child and the Class's children's increased risk of

22  harm as previously set forth herein. Defendants' misconduct

23  offends public policy and is malicious, fraudulent and/or

24  oppressive and caused substantial injury to consumers and their

25  children.

26              **THIRD CLAIM FOR RELIEF**

27              **BREACH OF IMPLIED WARRANTY**

28      46.  Plaintiff incorporates by reference all other paragraphs

12

1  of this complaint as if fully set forth here and further alleges
2  as follows:

3     47.  Defendants designed, developed, manufactured, produced,
4  marketed, distributed and/or sold the recalled Aqua Dots.

5     48.  At the time defendants designed, developed,
6  manufactured, produced, marketed, distributed and/or sold the
7  recalled Aqua Dots, defendants knew the purpose for which the
8  recalled Aqua Dots were intended and impliedly warranted that the
9  recalled Aqua Dots were of merchantable quality and safe and fit
10 for such use by young children.

11    49.  Plaintiff reasonably relied upon the skill, superior
12 knowledge and judgment of defendants as to whether the recalled
13 Aqua Dots were of merchantable quality and safe and fit for their
14 intended use.

15    50.  Due to defendants' wrongful conduct as alleged herein,
16 plaintiff could not have known about the risks associated with the
17 recalled Aqua Dots until after defendants issued the Recall
18 notice.

19    51.  Because the Aqua Dots beads are defective and inherently
20 dangerous, as result of their toxic coating, which when mixed with
21 water, converts to GHB, the recalled Aqua Dots were not of
22 merchantable quality and were not safe or fit for their intended
23 use.

24    52.  By virtue of the recall on or about November 7, 2007,
25 defendants were put on notice of the defect in the Aqua Dots
26 beads.  Defendants were also put on notice of the defect in the
27 product by the numerous inquiries that they received concerning
28 the defect, and by the filing of various lawsuits.

13

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   53.  As a direct and proximate result of the defendants'

2  breach of implied warranty, plaintiff and members of the Class

3  suffered damages as alleged herein.

4                        FOURTH CLAIM FOR RELIEF

5           UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS ACTS AND

6      PRACTICES IN VIOLATION OF CALIFORNIA BUS. & PROF. CODE §§17200,

7       *ET SEQ.*, 17500 *ET SEQ.* AND CONSUMER FRAUD LAWS OF OTHER STATES

8                        AGAINST ALL DEFENDANTS

9   54.  Plaintiff incorporates by reference all other paragraphs

10 of this complaint as if fully set forth here and further alleges

11 as follows:

12  55.  Plaintiff brings this cause of action individually, on

13 behalf of members of the Class, and on behalf of the general

14 public.

15  56.  The acts, practices, misrepresentations and omissions by

16 defendants described above, and defendants' dissemination of

17 deceptive and misleading advertising and marketing materials in

18 connection therewith, constituted unfair, unlawful and/or

19 fraudulent business acts and practices within the meaning of

20 California Business and Professions Code sections 17200 *et seq.*

21 and 17500 *et seq.* and similar consumer fraud laws of other states.

22 Defendants' conduct regarding the toxic chemical coated toys,

23 among other things, constitutes violations of the provisions of 15

24 U.S.C. §1261 *et seq.*

25  57.  California Business and Professions Code section 17500

26 prohibits various deceptive practices in connection with the

27 dissemination in any manner of representations for the purpose of

28 inducing, or which are likely to induce, directly or indirectly,

                                14
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  customers to purchase products such as the products here at issue.

2      58.  Defendants' acts, practices, misrepresentations and

3  omissions alleged herein, including but not limited to

4  misrepresentations concerning the safety and quality of the

5  recalled Aqua Dots, were intended to, and did, induce the

6  consuming public to purchase the recalled Aqua Dots and violated

7  and continues to violate California Business and Professions Code

8  sections 17200 *et seq.* and 17500 *et seq.*, and other similar

9  consumer fraud laws of other states, in that defendants caused

10 advertisements for the recalled Aqua Dots to be placed before the

11 general public without advising plaintiff and members of the Class

12 that the recalled Aqua Dots contained a toxic chemical which could

13 cause adverse health effects to young children exposed to that

14 toxic substance. Defendants' misconduct offends public policy and

15 is immoral, unethical, oppressive, and/or unscrupulous and caused

16 substantial injury to consumers and their children.

17     59.  Pursuant to California Business and Professions Code

18 section 17203, plaintiff, on behalf of herself and her child, the

19 other Class members and their children, and the general public,

20 seek restitution of any monies wrongfully acquired or retained by

21 defendants and by means of their unfair practices, seek monetary

22 and punitive damages under the other states' consumer laws where

23 permitted, and such other and further relief as set forth in

24 Business & Professions Code sections 17200 *et seq.* and 17500 *et*

25 *seq* . and similar consumer fraud laws of other states.

26

27

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

3

4

5

FIFTH CLAIM FOR RELIEF

UNLAWFUL PRACTICE IN THE SALE OF CONSUMER GOODS IN VIOLATION OF

CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1750, *ET SEQ.*

AND OTHER SIMILAR CONSUMER LAWS OF OTHER STATES AGAINST ALL

DEFENDANTS

6   60.  Plaintiff incorporates by reference all other paragraphs

7   of this complaint as if fully set forth here and further alleges

8   as follows:

9   61.  Plaintiff and other consumers similarly situated

10  purchased the recalled Aqua Dots described above primarily for

11  personal, family or household purposes.

12  62.  Prior to plaintiff's purchase and/or receipt of the

13  recalled Aqua Dots, defendants violated California Civil Code

14  section 1770 and similar consumer laws of other states in the

15  following respects:

16  (a)  In violation of California Civil Code section

17  1770(a)(5), defendants represented that the recalled Aqua Dots had

18  characteristics which they did not have.  They represented that

19  the products were safe and healthful for children and had the

20  level of quality which would protect consumers' children from

21  unforeseen harm;

22  (b)  In violation of California Civil Code section

23  1770(a)(7), defendants represented that the recalled Aqua Dots

24  were of a particular standard, quality or grade, namely, that they

25  were safe and healthful for children and had the level of quality

26  which would protect consumers' children from unforeseen harm; and

27  (c)  In violation of California Civil Code section

28  1770(a)(9), defendants advertised the recalled Aqua Dots with the

16

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   intent not to sell them as advertised.  Defendants advertised the

2   products as safe and healthful for children and of a quality which

3   would protect consumers' children from unforeseen harm when in

4   fact, the recalled Aqua Dots contained a toxic chemical which

5   could cause adverse health effects to young children exposed to

6   that toxic substance.

7       63.  Plaintiff, and each of the members of the proposed class

8   she seeks to represent, suffered damages as a direct result of

9   defendants' conduct in the form of the purchase price paid for the

10  recalled Aqua Dots.  Defendants were not entitled to the monies

11  paid for the recalled Aqua Dots because the recalled Aqua Dots

12  contained a toxic chemical which could cause adverse health

13  effects to young children exposed to that toxic substance.

14      64.  Plaintiff is informed, and believes, and thereon alleges

15  that the above-mentioned misrepresentations resulted in the sale

16  of products to plaintiff and to other consumers similarly situated

17  which were dangerous to the plaintiff's child and the children of

18  other members of the proposed Class.

19      65.  Defendants engaged in the above-alleged intentional

20  conduct because they felt confident in their greater position of

21  wealth, sophistication and power and in their ability to take

22  advantage of consumers with limited ability to seek and obtain

23  remedies for defendants' wrongful conduct.  Defendants

24  deliberately, willfully and maliciously pursued this course of

25  conduct because they were motivated by the prospect of gaining

26  profits at the expense of the plaintiff and other members of the

27  proposed class and had no concerns that purchasers of the recalled

28  Aqua Dots would be able to effectively assert their legal rights

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   and hold defendants accountable for their intentional, unlawful,

2   unfair and fraudulent acts.  Defendants thus acted with oppression

3   and malice in that they engaged in conduct intended to cause

4   unjust hardship to plaintiff and members of the proposed class and

5   have carried out such conduct with a willful and conscious

6   disregard of their rights.  Accordingly, pursuant to Code of Civil

7   Procedure section 1780(a)(1)(4) and similar consumer laws of other

8   states, plaintiff seeks and is entitled to awards of compensatory

9   and punitive damages according to proof at the time of trial.

10      66.  Pursuant to California Civil Code section 1780 and 1781,

11  and similar consumer laws of other states, plaintiff, on behalf of

12  herself, the other Class members, and the general public, requests

13  certification of the class, declaratory and injunctive relief, and

14  attorneys' fees, costs and expenses.

15                       SIXTH CLAIM FOR RELIEF

16                    BREACH OF EXPRESS WARRANTY

17      67.  Plaintiff incorporates by reference all other paragraphs

18  of this complaint as if fully set forth here and further alleges

19  as follows:

20      68.  Defendants expressly warranted that the recalled Aqua

21  Dots were designed, manufactured and marketed to meet or exceed

22  all applicable safety standards from around the world.  Defendants

23  further expressly warranted that they subject all of their toys to

24  extensive third party certified product testing which ensures that

25  their toys comply with the highest international safety and

26  quality standards.

27      69.  The recalled Aqua Dots did not conform to these express

28  representations because the products are not safe for handling by

                                   18

                  CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    young children and can cause adverse health effects, including

2    death.

3         70.    As a direct and proximate result of the breach of said

4    warranties, and as the direct and legal result of the defective

5    condition of the recalled Aqua Dots as designed, manufactured,

6    packaged, labeled and supplied by defendants, and other wrongdoing

7    of defendants described herein, plaintiff and her child and

8    members of the Class and their children were caused to suffer

9    damages.

10        WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

11        1.    That this action be certified as a class action on

12   behalf of the proposed Class of all persons who purchased and/or

13   paid for and/or received as a gift one or more recalled Aqua Dots,

14   that the named plaintiff be designated as representative of the

15   Class and that named counsel be designated Class Counsel.

16        2.    Provide Class members with emergency notice;

17        3.    Monetary damages, including but not limited to, a full

18   refund of all costs associated with the purchase of and/or payment

19   for recalled Aqua Dots;

20        4.    Compensatory damages;

21        5.    Punitive damages;

22        6.    Attorneys' fees, expenses and costs of this action; and

23        7.    Such other and further relief as may be just and proper.

24                        JURY TRIAL DEMAND

25   Plaintiff demands trial by jury on all issues so triable.

26

27

28

                              19
     CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    DATED: November 16, 2007        KAPLAN FOX & KILSHEIMER LLP

2

3

4                                    _____
                                     Laurence D. King (SBN 206423)
5                                    lking@kaplanfox.com
                                     Linda M. Fong (SBN 124232)
6                                    lfong@kaplanfox.com
                                     KAPLAN FOX & KILSHEIMER LLP
7                                    350 Sansome Street, Suite 400
                                     San Francisco, CA 94104
8                                    Telephone:  415-772-4700
                                     Facsimile:   415-772-4707
9
                                     Lori S. Brody
10                                   lbrody@kaplanfox.com
                                     KAPLAN FOX & KILSHEIMER LLP
11                                   1801 Century Park East, Suite 1460
                                     Los Angeles, CA 90067
12                                   Telephone:   310-785-0800
                                     Facsimile:   310-785-0897
13
                                     Frederic S. Fox
14                                   ffox@kaplanfox.com
                                     Donald R. Hall
15                                   dhall@kaplanfox.com
                                     KAPLAN FOX & KILSHEIMER LLP
16                                   850 Third Avenue, 14th Floor
                                     New York, NY 10022
17                                   Telephone:  212-687-1980
                                     Facsimile:   212-687-7714
18
                                     Elizabeth A. Fegan
19                                   beth@hbsslaw.com
                                     HAGENS BERMAN SOBOL SHAPIRO LLP
20                                   820 North Blvd, Suite B
                                     Oak Park, IL 60301
21                                   Telephone: 708-776-5600
                                     Facsimile: 708-776-5601
22
                                     Steve W. Berman
23                                   HAGENS BERMAN SOBOL SHAPIRO LLP
                                     1301 Fifth Avenue, Suite 2900
24                                   Seattle, Washington 98101
                                     Telephone:  206-623-7292
25                                   Facsimile:  206-623-0594

26                                   Attorneys for Plaintiff

27

28

                                    20
    CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Laurence D. King (SBN 206423)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Tel: (415) 772-4700

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

KIM A. COSGROVE, on behalf of herself and all THOSE similarly situated,

PLAINTIFF(S)

v.

SPIN MASTER, LTD., SPIN MASTER, INC. and MOOSE ENTERPRISES

DEFENDANT(S)

CASE NUMBER

CV07-07544MMM PLAx

**FOR OFFICE USE ONLY**

SUMMONS

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
LAURENCE D. KING_____, whose address is:

KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104

an answer to the ☒ complaint ☐_____amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within _20_ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

**FOR OFFICE USE ONLY**

Clerk, U.S. District Court

Dated: ____NOV 16 2007_____

By: ____KENDRA BRADSHAW_____
        Deputy Clerk

        *(Seal of the Court)*

DOCKETED ON CM
NOV 26 2007
BY _____ 032

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV07- 7544 MMM (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
KIM A. COSGROVE, on behalf of herself and all others similarly situated

**DEFENDANTS**
SPIN MASTER, LTD., SPIN MASTER, INC. and MOOSE ENTERPRISES

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Nassau County, NY

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Laurence D. King
Kaplan Fox & Kilsheimer LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Tel: (415) 772-4700

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No    ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
complaint alleges claims for strict products liability, negligence, breach of express and implied warranty, violations of Cal. Bus. & Prof. Code §17200, §17500 and Cal. Consumers Legal Remedies Act, Civil Code §1750 related to design, development, manufacture, sale and marketing of defective toys

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☑ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

TORTS PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE / PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2

CV07-07544

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET
#### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed **related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
     New York - Cosgrove

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
     New York - Spin Master Ltd.
     Los Angeles County - Spin Master, Inc.
     New York - Moose Enterprises

**List the California County,** or State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
     Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date __11/16/07__

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |